**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000335
25-SEP-2018
08:34 AM**

CAAP NOS. 16-0000520 and 16-0000335

IN THE INTERMEDIATE COURT OF APPEALS

OF STATE OF HAWAI'I

STEPHEN D. WHITTAKER, AAL, LLLC, Plaintiff-Appellee,
v. SHAWN FRANSEN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 14-1-280K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Shawn Fransen (**Fransen**) appeals *pro se* from the February 26, 2016 Final Judgment (**Final Judgment**)[1] and challenges the January 6, 2016 Order Granting Plaintiff's Motion for Summary Judgment (**Summary Judgment Order**),[2] the February 26, 2016 Order Denying Defendant Shawn Fransen's "Motion for Reconsideration and to Vacate Judgment" Filed January 12, 2016 (**Order Denying Reconsideration**), and the June 15, 2016 Order Denying Defendant's Motion for Extension of Time to File Appeal

---

[1]     Except where otherwise noted, the Honorable Melvin H. Fujino presided over the proceedings subject to this appeal.

[2]     The Honorable Ronald Ibarra presided.

(Order Denying Extension), entered by the Circuit Court of the Third Circuit (Circuit Court).[3]

On appeal, Fransen raises four points of error, contending that the Circuit Court erred in: (1) granting summary judgment because there were genuine issues of material fact; (2) not granting reconsideration due to, *inter alia*, the earlier unavailability of witnesses; (3) failing to allow a trial based on *quantum meruit*; and (4) failing to grant an extension of time to file an appeal.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Fransen's contentions as follows:

As a preliminary matter, we must determine whether we have jurisdiction to address the merits of the issues raised in this case. See Hous. Fin. & Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995). If we conclude that we do not have appellate jurisdiction, we must dismiss the appeal. Id.

It is undisputed that the Notice of Appeal in CAAP-16-0000335 was untimely filed. The Final Judgment and Order Denying Reconsideration were both entered on February 26, 2016. The Final Judgment was entered pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 58 and resolved all necessary claims as the

---

[3]    Fransen filed a notice of appeal from the Final Judgment, Summary Judgment Order, and Order Denying Reconsideration in Appeal No. CAAP-16-0000335 and from the Order Denying Extension in Appeal No. CAAP-16-0000520. On October 20, 2016, this court entered an order consolidating these appeals under Appeal No. CAAP-16-0000520.

judgment was entered in favor of Whittaker LLLC on all counts in its complaint and there were no unresolved claims.[4]  See Hawaii Revised Statutes (HRS) § 641-1(a) (2016);[5] HRCP Rule 58.[6] Therefore, the Final Judgment was a final appealable judgment on February 26, 2016.  No party filed a post-judgment motion tolling the time in which a notice of appeal must be filed.[7]  Pursuant to

---

[4]     The Complaint included claims against a second defendant, World Class Properties, LLC (WCP), but the claims against WCP were voluntarily dismissed by Whittaker LLLC before the Complaint was served on WCP. Therefore, a judgment with respect to WCP was neither required or authorized. See Amantiad v. Odum, 90 Hawai'i 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999).

[5]     HRS § 641-1 states, in relevant part:

§641-1 **Appeals as of right or interlocutory, civil matters.**  (a) Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602.
. . .
(c) An appeal shall be taken in the manner and within the time provided by the rules of court.

[6]     HRCP Rule 58 provides:

**Rule 58.     ENTRY OF JUDGMENT.**

Unless the court otherwise directs and subject to the provisions of Rule 54 of these rules and Rule 23 of the Rules of the Circuit Courts, the prevailing party shall prepare and submit a proposed judgment. The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs. Every judgment shall be set forth on a separate document.

[7]     HRAP Rule 4(a)(3) provides:

(3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

The Order Denying Reconsideration was entered concurrently with the Final Judgment and, therefore, the Motion for Reconsideration did not toll the time in which Fransen was required to file his notice of appeal.

Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1),[8] Fransen was required to file his notice of appeal within thirty days after the entry of the Final Judgment. The Notice of Appeal in CAAP-16-0000335 was not filed until April 18, 2016, more than thirty days after the entry of the Final Judgment.

On April 22, 2016, Fransen filed a Motion for Extension pursuant to HRAP Rule 4(a)(4)(B), which argued that he should be granted an extension of time to file his notice of appeal due to "excusable neglect." On appeal, Fransen argues that the Circuit Court abused its discretion in denying his request for an extension of time because he "diligently sought appeal, had reasonably relied and frequently checked Ho'ohiki but Ho'ohiki was not updated for over 50 days to show the [Final Judgment], and the hard-copy Notice of Appeal had never been received through the postal service."

HRAP Rule 4(a)(4)(B) provides, in relevant part,

> The court or agency appealed from, upon a showing of excusable neglect, may extend the time for filing the notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(3) of this rule.

---

[8] HRAP Rule 4(a)(1) states, in relevant part:

**Rule 4.     APPEALS - WHEN TAKEN.**
     **(a)  Appeals in civil cases.**
     (1) TIME AND PLACE OF FILING. When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.

Pursuant to HRCP Rule 77(d),[9] the clerk of the court is required to send a notice of the entry of a judgment by mail. However, the rule also states:

> Lack of notice of the entry by the clerk or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Hawaiʻi Rules of Appellate Procedure.

HRCP Rule 77(d).

The Hawaiʻi Supreme Court has explained:

> Although HRCP Rule 77(d) specifically refers to HRAP Rule 4(a) as providing the only relief for a party's failure to timely file a notice of appeal, nothing in Rule 77(d) suggests that the failure of the clerk to timely notify the parties of the entry of judgment could excuse a party's neglect. 'A party has an independent duty to keep informed and mere failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time.' Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir. 1986) (citations omitted). This is especially so where, as here, "[appellants] presented no reason for their failure, for example, to send a messenger to court to look up the relevant date, and we see no 'forces beyond their control,'-at least on this record-that prevented them from taking this eminently reasonable step." [Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 453 (1st Cir. 1995)].

Enos v. Pac. Transfer & Warehouse, Inc., 80 Hawaiʻi 345, 353, 910 P.2d 116, 124 (1996); see also Ek v. Boggs, 102 Hawaiʻi 289,

---

[9] HRCP Rule 77(d) states:

> **(d) Notice of orders or judgments.** Immediately upon entry of a judgment, or an order for which notice of entry is required by these rules, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of a judgment or order is required by these rules. In addition, immediately upon entry, the party presenting the judgment or order shall serve a copy thereof in the manner provided in Rule 5. Lack of notice of the entry by the clerk or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Hawaiʻi Rules of Appellate Procedure. The court may impose appropriate sanctions against any party for failure to give notice in accordance with this rule.

299-300, 75 P.3d 1180, 1190-91 (2003) (failure to know when a final judgment was entered does not meet standard of "excusable neglect").[10]

Fransen argues on appeal that he was away from his San Diego home and was unable to access his regular mail; therefore, he relied on Ho'ohiki to keep himself informed. However, Fransen admits he was not monitoring his mail at his San Diego address. In addition, in order to access Ho'ohiki, a person must confirm that he or she had read and agreed to the terms of a disclaimer that includes that the Judiciary "does not guarantee or represent that the information contains no errors, omissions, or inaccuracies. The user is responsible for assessing the accuracy and reliability of the information provided on the website." Assuming, *arguendo*, that the court clerk failed to notify Fransen that judgment was entered, Enos and subsequent decisions make clear that every litigant has an <u>independent duty to keep informed</u> regarding the status of his or her case. Enos, 80 Hawai'i at 353, 910 P.2d at 124 (citation omitted; emphasis added); Ek, 102 Hawai'i at 299-300, 75 P.3d at 1190-91. It is undisputed that Fransen knew a proposed Final Judgment had been

---

[10]     Fransen spends significant time arguing that his circumstances constitute "excusable neglect" under the United States Supreme Court's decision in Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship, 507 U.S. 380 (1993), which considered "excusable neglect" under a bankruptcy court rule allowing late filings caused by inadvertence, mistake, carelessness, and circumstances beyond the party's control. Id. at 388-98. There is no support in Pioneer or the other cases cited by Fransen for the proposition that a federal court's interpretation of a distinguishable bankruptcy court rule is either binding or persuasive with respect to Hawai'i's interpretation of its court rules. The Hawai'i Supreme Court's decision in Enos, which directly addresses the issue presented here, is binding upon this court. See, e.g., State v. Jim, 105 Hawai'i 319, 331, 97 P.3d 395, 407 (App. 2004) (stare decisis requires inferior courts to adhere to legal decisions made by the court of last resort).

submitted to the court by Whittaker LLLC for the court's review as he responded to that submission with his own submission. Fransen's travel schedule did not excuse him from his duty to stay informed as it is not a force beyond his control. See Enos, 80 Hawai'i at 353, 910 P.2d at 124. Fransen presents no reason why he was unable to have someone monitor the status of his case on his behalf. "[A] failure to know when a final judgment was entered [does] not meet the standard of 'excusable neglect.'" Ek, 102 Hawai'i at 300, 75 P.3d at 1191.

Therefore, we conclude that the circumstances here do not constitute "excusable neglect" under HRAP Rule 4(a)(4)(B).

Fransen's remaining points of error involve claims arising out of the Circuit Court's Summary Judgment Order, Final Judgment, and Order Denying Reconsideration, the notice of appeal from which was untimely filed. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("[t]he reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal"). Therefore, Fransen's appeal is untimely as to these matters and must be dismissed. See Hous. Fin. & Dev. Corp., 79 Hawai'i at 76, 898 P.2d at 588.

For the reasons stated above, the Circuit Court's June 15, 2016 Order Denying Extension is affirmed. Fransen's appeal from the Circuit Court's February 26, 2016 Final Judgment and Order Denying Reconsideration, as well as from the January 6, 2016 Summary Judgment Order, is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, September 25, 2018.

On the briefs:

Shawn Fransen,
Defendant-Appellant, *Pro Se*.

Paul J. Sulla, Jr.,
Lockey E. White,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge